UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BLAKEMORE,

       *Plaintiff*,

*v.*

CITY OF ALPENA,
and LEE GRANT,

       *Defendants*.

_____/

CASE NO. 20-cv-10248

DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S MOTION TO SUBSTITUTE PARTY (ECF. No. 16)

## I.   RECOMMENDATION

For the reasons stated below, I recommend that the Court **DENY** the motion to substitute party. (ECF No. 16.)

## II.   REPORT

Plaintiff filed the instant motion to substitute Barbara Grant as personal representative of the estate of Lee Grant for Lee Grant on June 16, 2020. (ECF No. 16.) Plaintiff notes that defense counsel filed a "Suggestion of Death" giving notice that Defendant Lee Grant had died on March 15, 2020, noting that Defendant Lee Grant was survived by his wife, Barbara Grant. (ECF No. 13, PageID.50; ECF No. 16, PageID.56.) Relying on this statement, Plaintiff asserts that "Barbara Grant as Personal Representative

---

[1] The matter is analyzed under the Report and Recommendation (R&R) format rather than an Order because resolution of the matter is potentially dispositive. *Shapiro v. Smith*, 652 F. Supp. 218, 218 (S.D. Ohio 1986); *Cole v. City of Chicago*, No. 06-4704, 2009 WL 10737897, at *1 (N.D. Ill. Jan. 20, 2009).

of the Estate of Lee Grant is the proper named defendant to substitute for Lee Grant." (ECF No. 16, PageID.57.) Plaintiff further contends that "it is Defendants' responsibility to identify the proper representative or successor, and therefore, it is Defendants' responsibility to ensure that Mr. Grant's Estate is established for the purposes of this litigation" citing *McSurely v. McClellan*, 753 F.2d 88 (1985), *Dietrich v. Burrows*, 164 F.R.D. 220 (N.D. Ohio 1995), and *Smith v. Planas*, 151 F.R.D. 547 (S.D. N.Y. 1993). (*Id.*) Finally, Plaintiff argues that it would be "unjust to place the burden 'of instituting machinery in order to produce some representative of the estate ad litem' upon Plaintiff, and therefore, Defendants must be responsible for opening Defendant Grant's Estate especially given the fact that the individual to be appointed as the Personal Representative of the his [sic] Estate is his wife, Barbara Grant" citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). (ECF No. 16, PageID.58.)

Defendants respond that they have fulfilled their duty to inform Plaintiff and the Court of Defendant Lee Grant's death and to "undertake a good faith effort to identify an appropriate representative" citing *Lawson v. County of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012). Defendants distinguished the cases cited by Plaintiff and further argue that "there is no requirement in the Rule [25] or Sixth Circuit cases interpreting Rule 25 that requires Defendant, City of Alpena, to open the Estate of Officer Grant." (ECF No. 17, PageID.89-91.)

Plaintiff replies that Defendants have the burden to ensure appointment of a representative or successor and that Defendants have failed to cite case law supporting their position. (ECF No. 19, PageID.98-100.) Plaintiff also relies on Michigan Ethics Opinion

R1 350 for the proposition that "Plaintiff's counsel cannot represent both Barbara Grant, the fiduciary for the Estate of Lee Grant, and Plaintiff…Accordingly, Defendant and its counsel must be responsible for opening the Estate of Lee Grant and appointing Barbara Grant as the Personal Representative." (ECF No. 19, PageID.101.)

Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(1) was amended in 1963. Prior to that amendment, the rule contained an "inflexible requirement that an action be dismissed if substitution [wa]s not carried out within a fixed period measured from the time of death." *Francis v. Francis*, No. 1:90-cv-1235, 1992 WL 57953, at *1 (N.D. Ohio Jan. 7, 1991). Currently, "'[t]he objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim.'" *Lawson*, 2012 WL 5258216, at *2 (quoting *Gruenberg v. Maricopa Cnty Sheriff's Office*, No. 06-0397, 2008 WL 2001253, at *1 (D. Ariz. My 7, 2008)). "With this objective in mind, the majority of courts have interpreted Rule 25(a) as requiring two affirmative steps to trigger the running of the deadline by which a motion for substitution must be made": (1) the notice of death must be made upon the record; and (2) the notice of death must be served upon the parties and upon non-parties as provided in Rule 4. "In other words, there is a general obligation to serve the suggestion of death upon the decedent's successor or representative." *Lawson*, 2012 WL 5258216, at *2.

3

In *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969), the court clarified that "[a]lthough the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)." The court held that defense counsel's filing of the suggestion of death did not trigger the 90-day period because it gave "no indication of what person was available to be named as a representative of the deceased." *Id.* at 986; *accord*, *Eddy v. Multiband Corp.*, No. 10–CV–113592011, WL 653386, at *3 (E.D. Mich. Feb. 14, 2011) (finding that "[u]ntil a submission is made in writing suggesting the death of a party *and* identifying the representative to be substituted with appropriate service of process made on all parties and persons not parties to the action, the 90-day period does not begin to run."); *Dietrich v. Burrows*, 164 F.R.D. 220, 221 (N.D. Ohio 1995) ("the law is well settled that the Suggestion of Death must identify the successor or representative of the deceased."); *Smith v. Planas*, 151 F.R.D. 547 (S.D. N.Y. 1993) ("It is well settled that for a suggestion of death to be valid and invoke the 90 day limit, it must identify the successor or representative who may be substituted for the decedent.").[2]

The Court in *Rende* declined to "place upon the plaintiff the burden of locating the representative of the estate within 90 days." 413 F.2d at 986. As reiterated in *McSurely v.*

---

[2] The Court in *Lawson* concluded that because the plaintiff decedent was acting *pro se* and was a prisoner, "counsel for the suggesting defendant [] is in the best position to secure any information available to identify and/or locate such individual." *Lawson*, 2012 WL 5258216, at *3. The Court clarified that defense counsel need only "make a good faith effort to identify and locate Plaintiff's successor." *Id.*

*McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985), "in *Rende v. Kay*, we stated that compelling a plaintiff to 'institut[e] machinery in order to produce some representative of the estate ad litem' would contravene the purpose of amended Rule 25(a)(1) 'to dispel unwarranted rigidity and allow more flexibility in substitution.'" *McSurely*, 753 F.3d at 98 (citations omitted).

"[A] number of courts adopted and expanded the principles of *Rende* establishing the circumstances under which a person may be a 'successor' – and proper party – under Rule 25(a)(1). These circumstances include a person who is: '(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Watts v. Novartis Pharmaceuticals Corp.*, No. 08-cv-2354, 2015 WL 1456647, at \*5 (N.D. Ohio Mar. 30, 2015) (internal citations omitted). For instance, the Court in *McSurely* concluded that the widow of the decedent was a proper party for substitution even though no estate was probated. *McSurely*, 753 F.3d at 98-99.

In the instant case, the suggestion of death (ECF No.13) properly named a potential successor or representative of the deceased: decedent's spouse, Barbara Grant. Plaintiff is a party that would be qualified to bring the motion for substitution. *Eddy*, 2011 WL 653386, at \*3 ("The motion to substitute a party must be filed by a party or the successors or representatives of the decedent, not an attorney for the deceased party acting on his own."); *Rende*, 415 F.2d at 985.

Although the suggestion of death in this case was electronically filed on the Court's docket and served on Plaintiff's counsel, there is no indication that the suggestion of death

was served on Barbara Grant. Since the decedent is a defendant rather than a plaintiff whose successor or representative would need to be notified to protect the decedent's claim, this lack of service on Barbara Grant may not be as significant. *Lawson*, 2012 WL 5258216, at *2. However, if served, Barbara Grant could then inform the court of her circumstances, i.e., whether she is the primary beneficiary, the executor or personal representative of the estate according to decedent's will, or the primary beneficiary of an unprobated intestate estate. Thus, service upon her is recommended. However, even if service were accomplished or was unnecessary, the Court would nonetheless be compelled to deny the motion.

Plaintiff's motion goes beyond simply asking to substitute Barbara Grant. Plaintiff argues that since "it is Defendants' responsibility to identify the proper representative or successor" it is also "Defendants' responsibility to ensure that Mr. Grant's Estate is established for the purposes of this litigation." (ECF No. 16, PageID.57.) Research has not revealed any case interpreting Rule 25(a)(1) as placing any burden on the suggesting party to "establish" or "open" the estate of the decedent. The Rule requires identification of a successor or representative; it does not commit the suggesting party to estate administration. Since Plaintiff's motion request exceeds what Rule 25(a)(1) countenances or even contemplates, I recommend that the motion be denied.

III. **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 8, 2020                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge