UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BLAKEMORE,

    Plaintiff,

v.

CITY OF ALPENA AND LEE GRANT,

    Defendants.
_____/

Case No. 20-cv-10248

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER (1) ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION IN PART [#23]; (2) OVERRULING PLAINTIFF'S OBJECTIONS [#24]; AND (3) PERMITTING SUBSTITUTION OF BARBARA GRANT AND ALLOWING PLAINTIFF TIME TO SET UP ESTATE OF LEE GRANT**

**I. INTRODUCTION**

The instant 42 U.S.C. § 1983 action was filed on January 30, 2020. The Court referred the matter to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on September 8, 2020, recommending that the Court deny Plaintiff's Motion to Substitute Party (ECF No. 16).[1] ECF No. 23. Presently before the Court is Plaintiff William Blakemore's ("Plaintiff") Objections to Magistrate Judge Morris' September 8, 2020 Order. ECF No. 24. Defendant City

---

[1] Magistrate Judge Morris analyzed Plaintiff's Motion under the Report and Recommendation format rather than an Order, explaining that the "resolution of the matter is potentially dispositive." ECF No. 23, PageID.167 n.1 (citations omitted).

1

of Alpena ("Defendant") filed its Response to Plaintiff's Objections on September 30, 2020. ECF No. 26. Plaintiff then filed his Reply on October 7, 2020. ECF No. 27.

Upon review of the parties' briefing, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Plaintiff's objections on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court concludes that the Magistrate Judge reached the correct conclusion. The Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Morris' September 8, 2020 Report and Recommendation [#23] **IN PART** as this Court's conclusions of law and findings of fact, except the Magistrate Judge's finding of fact that the Notice of Suggestion of Death was not served upon Barbara Grant. Plaintiff's objections [#24] are **OVERRULED** and Plaintiff's Motion to Substitute Party [#16] is therefore **DENIED**. The Court will permit the substitution of Barbara Grant as Personal Representative of the Estate of Lee Grant and allow Plaintiff sixty days to set up the Estate of Lee Grant and proceed with the necessary probate proceedings.

## II. Law & Analysis

### A. Standard of Review

District courts review objections to a non-dispositive order under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). A decision is

"clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted). "If two permissible views exist, a magistrate judge's decision cannot be clearly erroneous." *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2010 U.S. Dist. LEXIS 111757, *5 (E.D. Mich. Oct. 20, 2010) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)).

The clearly erroneous standard applies only to the magistrate judge's factual findings; her legal conclusions are reviewed under the plenary contrary to law standard. *Sedgewick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). A magistrate judge's legal conclusions are contrary to law when they "fail[] to apply or misappl[y] relevant statutes, case law or rules of procedure." *Kovatts v. State*, 1:06-cv-755, 2008 U.S. Dist. LEXIS 39897 (W.D. Mich. May 16, 2008) (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174 (E.D.N.Y. 2007)); *see also Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

### B. Plaintiff's First Objection

Plaintiff first argues that the Magistrate Judge erred in denying his request that Barbara Grant, as Personal Representative of the Estate of Lee Grant, be substituted as a party-defendant. ECF No. 24, PageID.177. Plaintiff asserts that in its Response

3

to Plaintiff's Motion, Defendant did not object to approving a proposed Order substituting the Estate of Lee Grant for Lee Grant in this case. *Id.* (citing ECF No. 17, PageID.80). He therefore argues that the Magistrate Judge erred in recommending that his Motion be dismissed in its entirety, and that this Court must instead permit the substitution of Barbara Grant as Personal Representative of the Estate of Lee Grant. *Id.* at PageID.178.

While it is true that Defendant did not object to the substitution of Barbara Grant in light of Lee Grant's death, ECF No. 26, PageID.213, this Court emphasizes that the Magistrate Judge did not deny Plaintiff's Motion on the basis that it was inappropriate to make this substitution. Rather, the Magistrate Judge correctly noted that Plaintiff's Motion went "beyond simply asking to substitute Barbara Grant." ECF No. 23, PageID.172. The Magistrate Judge explained that "[r]esearch has not revealed any case interpreting Rule 25(a)(1) as placing any burden on the suggesting party to 'establish' or 'open' the estate of the decedent." *Id.* Defendant's lack of objection to the substitution of Barbara Grant is excluded from this reasoning.

The Court does not find that it was contrary to law for the Magistrate Judge to deny Plaintiff's Motion on the basis that case law did not command an interpretation for Rule 25(a)(1) to place any burden on the suggesting party to establish or open the estate of a decedent, rather than Defendant's lack of objection

4

to the substitution of the decedent. Accordingly, Plaintiff's first objection is overruled.

### C. Plaintiffs' Second Objection

Next, Plaintiff argues that the Magistrate Judge erred by incorrectly stating that the Notice of Suggestion of Death was not served upon Barbara Grant. ECF No. 24, PageID.178–79. Plaintiff asserts that "the record shows that Barbara Grant was in fact served with the *Suggestion of Death* and all subsequent relevant pleadings." *Id.* at PageID.179 (emphasis in original).

The Court takes notice that a Certificate of Service for the Notice of Suggestion of Death was properly filed on this case's docket on May 13, 2020. ECF No. 15. The parties agree in the present briefings that the Report and Recommendation mistakenly concluded that service had not occurred. ECF No. 24, PageID.178–79; ECF No. 26, PageID.214. Accordingly, the Court will not adopt Magistrate Judge Morris' factual finding as to the service on Barbara Grant. *See* ECF No. 23, PageID.172. The Court agrees with the parties that a Notice of Suggestion of Death was properly served.

The Court emphasizes, however, that this finding did not have any bearing on the Magistrate Judge's conclusion in denying Plaintiff's Motion. In the Report and Recommendation, the Magistrate Judge stated, "even if service were accomplished or was unnecessary, the Court would nonetheless be compelled to deny the motion."

5

ECF No. 23, PageID.172. The court went on to explain why Rule 25(a)(1) does not place any burden on the suggesting party to establish or open the estate of the decedent. *Id.* Accordingly, this factual finding did not form the basis of the Magistrate Judge's recommendation.

### D. Plaintiff's Third Objection

In his third objection, Plaintiff argues that the Magistrate Judge erred in determining that Defendant was not responsible to open the Estate of Lee Grant. ECF No. 24, PageID.180. Plaintiff asserts that "while no case law explicitly places the burden to open a decedent's estate upon either party, available case law implies that in the instant case, Defendants should bear the costs associated with establishing Lee Grant's Estate." *Id.* He cites to two cases, *Dubuc v. Green Oak Twp.*, 958 F. Supp. 1231 (E.D. Mich. 1997) and *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969), to support his third objection. *Id.* at PageID.180–81. Notably, Plaintiff cited to these two cases in his original Motion.

Upon review of the parties' briefings and the Report and Recommendation, the Court agrees with the Magistrate Judge's conclusion that Defendant is not responsible to open the Estate of Lee Grant. The Magistrate Judge accurately and succinctly explained:

> Research has not revealed any case interpreting Rule 25(a)(1) as placing any burden on the suggesting party to "establish" or "open" the estate of the decedent. The Rule requires identification of a successor or representative; it does not commit the suggesting party to estate

> administration. Since Plaintiff's motion request exceeds what Rule 25(a)(1) countenances or even contemplates, I recommend that the motion be denied.

ECF No. 23, PageID.172. Indeed, neither the *Dubac* nor the *Rende* cases support Plaintiff's argument that Defendant has the legal obligation under Rule 25(a)(1) to open an estate. In *Dubac*, the court, in ruling on a motion to dismiss, concluded that while the plaintiff's failure to timely move for substitution was the result of "excusable neglect," that there was no prejudice to the estate by such delay. 958 F. Supp. at 1242. The court accordingly denied the defendant's motion to dismiss. Importantly, the court did not go on to hold that the defendant had the legal obligation to open the estate of the township building inspector.

In *Rende*, the court reversed a lower court's decision which dismissed an action on the ground that Rule 25(a)(1) required the plaintiff to move for a substitution of a proper party for a decedent within 90 days of the suggestion of death. 415 F.2d 983. The court explained that Rule 25(a)(1) "cannot fairly be construed … to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased." *Id.* at 985–86 (footnote omitted). Moreover, the court declined to place a burden upon the plaintiff to locate a representative of the

7

estate within 90 days. *Id.* at 986. Notably, the court did not hold that the obligation to open the estate of defendant was with defendant's attorney.

In sum, and after careful review of case law, the Court does not find that Defendant must incur the responsibility and financial burden of opening the Estate of Lee Grant. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's Motion exceeds what Federal Rule of Civil Procedure 25(a)(1) contemplates and is consistent with this District's case law and with Rule 25. Plaintiff's third objection is thus overruled.

### E. Plaintiff's Requested Alternative Relief

Finally, the Court will address Plaintiff's request to grant alternative relief. In his present briefs, Plaintiff asks the Court to permit the substitution of Barbara Grant as Personal Representative of the Estate of Lee Grant and to allow him time to set up the estate. ECF No. 24, PageID.183; ECF No. 27, PageID.220. Defendant does not oppose this requested relief. ECF No. 26, PageID.215. In light of the parties' agreement, the Court will grant Plaintiff his requested alternative relief.

### III. CONCLUSION & ORDER

For the reasons articulated above, the Court hereby **ADOPTS** and **ACCEPTS** Magistrate Judge Patricia T. Morris' Report and Recommendation [#23] **IN PART** as this Court's factual findings and conclusions of law, except the Magistrate Judge's finding of fact that the Notice of Suggestion of Death was not served upon Barbara

Grant.  Plaintiff's Motion to Substitute Party [#16] is thus **DENIED**.  Plaintiff's objections [#24] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the substitution of Barbara Grant as Personal Representative of the Estate of Lee Grant is permitted, and that Plaintiff will have sixty days to set up the Estate of Lee Grant and proceed with the necessary probate proceedings.

**IT IS FURTHER ORDERED** that counsel for the parties shall appear for a Status Conference on January 21, 2021 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated:  November 30, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager