UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BLAKEMORE,

        Plaintiff,

v.

        Case No.: 20-10248
        Honorable Gershwin A. Drain

WILLIAM MORRISON, as Personal
Representative of the ESTATE OF
LEE GRANT, in his individual and
official capacity,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN EVIDENCE FROM TRIAL [#58], GRANTING PLAINTIFF'S SECOND MOTION *IN LIMINE* TO PRECLUDE CERTAIN EVIDENCE FROM TRIAL [#61], AND SETTING APRIL 18, 2022 STATUS CONFERENCE AND MAY 31, 2022 TRIAL DATES**

## I.    INTRODUCTION

On January 30, 2020, Plaintiff William Blakemore filed the instant civil rights action against Lee Grant, a police officer for the City of Alpena. Plaintiff alleges Defendant Grant used excessive force during the course of Plaintiff's October 27, 2018 arrest in violation of the Fourth Amendment. As a result of Defendant's alleged unlawful actions, Plaintiff maintains he sustained injuries and damages, including, but not limited to, the following: head injuries (concussion, dizziness, memory problems, daily headaches); eye injuries (decreased and blurry

vision, heavy bruising/hematoma to his right eye, right conjunctival hemorrhage); shoulder pain including a torn rotator cuff; tendonitis; left arm bruising; knee bruising, back pain, tremors, neck pain, joint pain, carpal tunnel syndrome, and psychological issues (acute PTSD/stress reaction, depression, mood swings). Plaintiff seeks to include a Stipulation for the jury wherein Plaintiff agrees that: Prior to the subject incident, Mr. Blakemore suffered from the following: PTSD; depression; anxiety; as well as injuries to his neck, back and right shoulder. *See* Proposed Joint Final Pretrial Order at p.7.

Presently before the Court are the Plaintiff's Motions *in Limine* to Preclude Certain Evidence from Trial, filed on September 28, 2021, and October 12, 2021. *See* ECF Nos. 58 and 61. Specifically, Plaintiff seeks to exclude the amount of Plaintiff's social security and other military related benefits, as well as seeks to preclude the admission of evidence relating to Plaintiff's history of alcohol use, alcoholism and/or marijuana use. Plaintiff argues none of this evidence is relevant, and even if the Court were to find some relevance, the evidence must be excluded as unfairly prejudicial.

The motions are fully briefed, and a hearing was held on November 2, 2021. For the reasons that follow, the Court grants Plaintiff's Motions *in Limine*.[1]

---

[1] Defendant agrees that Plaintiff's 1999 DUI conviction is inadmissible.

## II. LAW & ANALYSIS

### A. Plaintiff's Motion *in Limine* to Preclude Certain Evidence from Trial

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Johasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds. *Id*. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id*. Whether or not to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff seeks to exclude the amount of his social security disability payments and other sources of income arising from his military service. Plaintiff argues this evidence is irrelevant, but even if the Court found it to have some relevance, it should nonetheless be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Here, the Court agrees that evidence of Plaintiff's social security benefit payments and other collateral sources of income are not relevant to whether Defendant violated Plaintiff's Fourth Amendment rights during the course of Plaintiff's arrest. Defendant's cited authority supports the conclusion that this evidence is irrelevant to any of the issues the jury must decide, and therefore, must be excluded from trial.

In Michigan, the collateral source rule was "abrogated to some degree by the enactment of legislation in 1986 that prescribed a methodology for accounting for payment that a tort victim received from collateral sources and setting off some of those payments against damages awarded against the tortfeasor." *Amlotte v. United States*, 292 F. Supp.2d 922, 925 (E.D. Mich. 2003); *see also* MICH. COMP. LAWS § 600.6303(1). Specifically, a personal injury plaintiff who seeks to recover

4

expenses incurred from medical or rehabilitation services must set off expenses paid by collateral sources "after a verdict for the plaintiff and before judgment is entered on the verdict." MICH. COMP. LAWS § 600.6303.

In other words, collateral sources may ultimately reduce the amount of a plaintiff's recovery, however such a reduction occurs before the Court, and not the jury. None of the authority provided by Defendant suggests that this evidence is admissible for the jury to consider. Rather, it seems well-settled that whether Defendant is entitled to a setoff based on Plaintiff's social security and military benefits payments is only admissible if the jury returns a verdict in the Plaintiff's favor and the Court determines the amount of collateral sources that have been paid. *See Haberkorn v. Chrysler*, 210 Mich. App. 354, 374-75; 553 N.W.2d 373 (1995)(affirming trial court's application of the collateral source rule to the plaintiff's social security benefits after the jury returned a verdict in her favor).

Based on the above considerations, the Court grants Plaintiff's Motion *in Limine* to Preclude Certain Evidence from Trial.

### B. Plaintiff's Second Motion *in Limine* to Preclude Certain Evidence from Trial

In his second Motion *in Limine*, Plaintiff seeks to preclude any evidence of his prior alcohol use, alcoholism, or marijuana use. Plaintiff argues he was not under the influence of either alcohol or marijuana during the subject incident, thus, his prior alcohol or drug use is irrelevant to whether Defendant used excessive

5

force on October 27, 2018. Conversely, Defendant argues Plaintiff's prior diagnoses of alcoholism or marijuana use bear on the issue of damages because Plaintiff alleges that as a result of Defendant's conduct, he suffered head and psychological injuries. Defendant attaches medical records from 2012 in support of his argument. These records reveal that at that time, Plaintiff was seen for numerous chronic ailments, including memory lapses, decreased concentrating ability, conditions influencing his mental health, bipolar disorders, substance abuse disorder, suicidal ideation, and depression. *See* ECF Nos. 64-2; 64-3.

Plaintiff asserts that the medical record evidence from 2012 is irrelevant because Plaintiff does not claim his depression or other injuries were exacerbated by Defendant's unlawful conduct. In *Leroy v. Mornida USA, Inc.*, No. 16-11427, 2017 WL 4456881, (E.D. Mich. Oct. 6, 2017), the plaintiff sought to exclude all evidence of her social security disability benefits and the disabling condition for which she was awarded benefits from trial on claims for negligence and vicarious liability. *Id.* at *2. The *Leroy* court concluded the plaintiff sought to exclude too broad a category of evidence because "a plaintiff's medical history can be relevant in personal-injury actions—most commonly to the issues of causation and damages." *Id*. The *Leroy* court acknowledged, however, that "specific categories of medical history evidence may be excluded if they are obviously irrelevant to the injuries alleged and the proponent offers no proof to the contrary." *Id*.

Here, evidence of Plaintiff's mental health and physical injuries from 2012 may be relevant to the issue of damages. However, there appears to be an absence of evidence, expert or otherwise, showing Plaintiff's prior alcohol and marijuana use could be a contributing cause to his PTSD and depression. Plaintiff raises additional concerns with respect to these medical records, including that they constitute inadmissible hearsay and Defendant cannot authenticate them.

The Court will grant Plaintiff's second motion *in limine* with the caveat that it may revisit this issue at the time of trial depending on Defendant's proofs. There is potential for the Defendant to establish the admissibility of Plaintiff's prior alcohol and drug use at the time of trial. The Court will be in a better position to evaluate issues of foundation, relevancy, and potential prejudice in the proper context at that juncture. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984)("district court is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."); *see also Morris v. Albright*, CIV. NO. 12-15328, 2014 U.S. Dist. LEXIS 133011 (E.D. Mich. Sep. 23, 2014) ("Plaintiff's prior and subsequent treatment for alcohol abuse [] may become relevant as to damages, and the Court may revisit this ruling during the trial" in civil rights action alleging excessive force.).

### III. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion *in Limine* to Exclude Certain Evidence from Trial [#58] is GRANTED.

Plaintiff's Second Motion *in Limine* to Exclude Certain Evidence from Trial [#61] is GRANTED.

A status conference will be held on April 18, 2022 at 2:00 p.m.

Trial will commence on May 31, 2022 at 9:00 a.m.

Dated: April 6, 2022                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
April 6, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager